**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JULIO AGRON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **Criminal Action No.** |
| v. ) | **06-40042-FDS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE**

**SAYLOR, J.**

Julio Agron was convicted of conspiracy to distribute cocaine and possession of cocaine with intent to distribute in 2008. He has filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He contends that his right to a speedy trial under the Speedy Trial Act ("STA"), 18 U.S.C. 3161, was violated by the Court's exclusion of time, which resulted in an unreasonable delay.

For the reasons set forth below, the motion to vacate, set aside, or correct his sentence will be denied.

**I.   Background**

On November 13, 2006, the government filed a criminal complaint charging Agron and two co-defendants with violations of 21 U.S.C. §§ 841 and 846. On November 29, 2006, Agron was indicted for conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. He initially requested a

Rule 11 change of plea hearing on September 7, 2007, but subsequently informed the Court of his intent to proceed to trial on January 3, 2008. On February 29, 2008, Agron filed a motion to suppress that objected to the introduction of video recordings made immediately prior to the charged drug transaction. On April 11, 2008, the Court denied the motion to suppress.

On April 30, 2008, a jury returned a verdict of guilty on the conspiracy and possession charges and not guilty on the firearms charge. On July 28, 2008, Agron filed a notice of appeal with the United States Court of Appeals for the First Circuit. The only argument raised was the denial of the motion to suppress. (Pet. Mot. at 2).[1] On January 29, 2010, the Court of Appeals affirmed the conviction. *See United States v. Larios*, 593 F.3d 82 (1st Cir. 2010). On May 25, 2010, Agron filed a petition for a writ of certiorari with the Supreme Court, which was denied on June 28, 2010.[2]

On February 18, 2011, Agron filed the present motion to vacate, set aside, or correct his sentence.

**II.    Analysis**

Petitioner contends that his right to a speedy trial under 18 U.S.C. § 3161(c)(1) was violated. The Speedy Trial Act provides generally that the trial of a defendant should begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). A petitioner is barred

---

[1] Petitioner's 13-page form motion will be referred to as petitioner's motion. Petitioner's 6-page memorandum in support will be referred to as petitioner's brief.

[2] Petitioner's motion indicates that he did not file a petition for a writ of certiorari. (Pet. Mot. at 2). The filing of the petition for certiorari is relevant only for determining the timeliness of the § 2255 motion, which the government does not contest.

from bringing claims in a habeas petition that were not raised on direct appeal unless he can show cause for the procedural default and that he suffered actual prejudice from the claimed error. *Owens v. United States*, 483 F.3d 48, 56-57 (1st Cir. 2007); *see also Lewis v. United States*, 2012 WL 219388, at *2 (D. Mass. Jan. 25, 2012) (finding that petitioner's claim that he was denied a speedy trial was procedurally defaulted because it was not raised on direct appeal).

Petitioner's sole argument on direct appeal was this Court's denial of the motion to suppress. (Pet. Mot. at 2). Petitioner contends that the STA claim was not raised in this Court because "no record was develop[ed] in District Court." (*Id.* at 4). However, the docket contains numerous entries that show the exclusion of time under the STA, including both oral motions and written orders. Petitioner points to a number of these docket entries in his memorandum, though he provides no explanation as to why the exclusions were improper. (Pet. Br. at 6). Petitioner merely contends that he suffered prejudice, but does not describe how he has been prejudiced by the alleged violation. (*Id.*). In fact, some of the docket entries clearly indicate that the time was excluded upon request of petitioner for additional time. (*See, e.g.,* Docket Nos. 55 and 59). Petitioner has not shown cause for the procedural default, nor has he described what prejudice he has suffered due to the delay. Because no STA claim was made on direct appeal, petitioner has procedurally defaulted and cannot raise that claim here.

Even if petitioner's claim was not procedurally defaulted, he has waived it by failing to file a pre-trial motion to dismiss. A defendant's failure to move for dismissal for a STA violation "prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal." 18 U.S.C. § 3162(a)(2); *see also United States v. Belton*, 520 F.3d 80, 82

3

(1st Cir. 2008); *United States v. Rodriguez-Duran*, 507 F.3d 749, 768 (1st Cir. 2007) (finding that where a STA claim has been waived by the failure to file a motion, plain error review is unavailable, the claim is without merit, and the Court need not address the calculation of countable days). Petitioner did not file a pre-trial motion to dismiss and he has therefore waived any STA claim.[3]

The government also contends that a STA claim is not cognizable under § 2255. Because the motion will be denied on other grounds, the Court does not reach this argument.

### III. Conclusion

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct his sentence is DENIED.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: June 19, 2012

---

[3] In his memorandum, petitioner cites to *United States v. Tinklenberg*, 579 F.3d 589 (6th Cir. 2009). Petitioner provides no explanation regarding how *Tinklenberg* supports his claim and the facts of that case are inapposite. In *Tinklenberg*, the defendant filed a pretrial motion to dismiss the indictment under STA, which the district court denied. The Sixth Circuit reversed after a discussion of the proper calculation of excludable time.